IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DONATÉ JONES, § | | |
| a/k/a Christopher Dontae Jones, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:19-CV-178-Z |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY FOR FAILURE TO PAY FILING FEE

On September 5, 2019, petitioner attempted to initiate a federal habeas corpus proceeding in this Court. Petitioner did not, however, submit any payment to satisfy the requisite filing fee, instead submitting a certified *in forma pauperis* data sheet from the institution in which he is confined. The Court construes petitioner's submission of the data sheet as a request to proceed *in forma pauperis* in this habeas proceeding.

Although petitioner's data sheet reflects a balance of $.17 as of September 13, 2019, the data sheet also reflects receipt of deposits totaling $656.44 during the 6-month period prior to attempting to initiate this proceeding, $265.00 of which was deposited during the three (3) months prior to submitting his petition. Petitioner's deposits for the previous 6-month period have averaged $109.41 per month, and his 6-month average balance has been $84.54.

Petitioner does not qualify for a grant of pauper's status. Petitioner has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have

included such payment with the submission of his application or subsequent to such submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner be DENIED permission to proceed *in forma pauperis*, and that the habeas application filed by petitioner be DISMISSED for failure to pay the $5.00 filing fee.

## NOTICE TO PETITIONER OF EFFECT OF PAYING FILING FEE

If petitioner pays the $5.00 filing fee within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation the recommendation of dismissal will be withdrawn.

If, within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty-five (35) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 35-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 35-day time period, the case will remain subject to dismissal. It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court. Petitioner shall advise the Court, prior to the expiration of the 35-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.

Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 18, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).