IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DONATÉ JONES, <br> a/k/a Christopher Dontae Jones, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | 2:19-CV-178-Z |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner challenging the constitutional validity or legality of the state court proceedings resulting in an Order deferring adjudication and placing petitioner on probation. [ECF 3]. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On January 11, 2016, petitioner was charged by Indictment in Childress County, Texas with the state jail felony offense of Fraudulent Use of Identifying Information in violation of section 32.51 of the Texas Penal Code. *State v. Jones*, No 5,886. [ECF 25-3 at 4]. Specifically, it was alleged that on or about August 15, 2015, petitioner:

> With intent to harm or defraud another, and without the consent of Robert Jones, possess less than five items of identifying information of Robert Jones, to-wit: bank account number at First Bank & Trust.

Petitioner was released on bond pending trial. [ECF 25-3 at 26-27].

On March 22, 2016, petitioner was charged by Indictment in Childress County, Texas with the 3rd degree felony offense of Tampering with a Witness in violation of section 36.05 of the Texas Penal Code. *State v. Jones*, No. 5,910. [ECF 25-6 at 8, 32]. Specifically, it was alleged that on or about February 2, 2016, petitioner:

> [D]id then and there offer or agree to confer a benefit, to-wit: United States Currency and/or other legal tender, to Robert Jones, who was then and there a witness in an official proceeding, to-wit: named complainant in Childress County Cause Number 5886, with intent to influence Robert Jones to absent abstain from or discontinue the prosecution of another, namely, Christopher Dontae Jones.

[*Id*. at 8].

On May 2, 2016, the prosecution and petitioner filed joint pleadings in both cases advising the trial court that the parties had mutually agreed upon and were recommending to the court that petitioner be placed on Deferred Adjudication community supervision for a term of five (5) years in each case, that said terms of probation run concurrently with each other, that petitioner agreed to pay restitution of $362.68 in Cause No. 5,886, and that he be assessed a fine of $3,000 in Cause No. 5,910. [ECF 25-3 at 34; 25-6 at 35]. Petitioner also advised the trial court that he agreed to waive all rights to appeal and to file any motion for new trial in both cases. [*Id*.]. Petitioner also filed waivers of various rights, a Judicial Confession averring he "committed each and every allegation" of both Indictments and was "guilty of the offense[s] alleged," and a Stipulation of Evidence mirroring the allegations of each of the Indictments. [ECF 25-3 at 35-37, 38; ECF 25-6 at 36-38, 39]. Petitioner also filed applications requesting the trial court grant him community supervision in each case. [ECF 25-3 at 41; 25-6 at 42].

On that same date, petitioner appeared in open court with counsel and entered a plea of guilty to both of the charged offenses. [ECF 25-3 at 47-48; 25-6 at 48-49]. After finding petitioner made his pleas freely, voluntarily and knowingly and that the evidence substantiated petitioner's guilt of both offense, the 100th Judicial District Court entered an *Order of Deferred Adjudication* in each case

placing petitioner on community supervision of a period of five (5) years so long as petitioner did not violate the terms and conditions his probation, and deferring proceedings in each case without entering an adjudication of guilt. [*Id.*]. The trial court also entered orders imposing various conditions of community supervision. [ECF 25-3 at 49-53; ECF 25-6 at 50-54]. As reflected by the Texas Judicial Branch online resource, petitioner did not file a direct appeal of the state court's Orders in either case.

On May 7, 2018, the State filed a motion to revoke petitioner's community supervision in each of petitioner's cases for failure to comply with the terms and conditions of said supervision for, *inter alia*, consuming cocaine on November 17, 2016 and June 7, 2017. The State also moved to proceed with a final adjudication of petitioner's guilt on the original charges to which he had pleaded guilty. [ECF 25-3 at 54-57; ECF 25-6 at 55-58].

On July 16, 2018, petitioner, represented by counsel, filed a written plea of "true" to the violations alleged in the State's motions. [ECF 25-3 at 61-62; ECF 25-6 at 64-65]. Petitioner acknowledged the trial court could, after accepting his pleas, revoke his community supervision and sentence him to any term of punishment within the range explained to him during his original pleas of guilty before the court. In Cause No. 5,886, petitioner filed with his plea an agreed punishment recommendation advising the trial court that the parties had mutually agreed upon and were recommending to the court that petitioner be adjudicated on the original charge of Fraudulent Use of Identifying Information, be sentenced to a term of fifteen (15) months imprisonment in a state jail facility, and again be ordered to pay $362.68 to the victim in restitution. In Cause No. 5,910, petitioner filed with his plea an agreed punishment recommendation advising the trial court that the parties had mutually agreed upon and were recommending to the court that petitioner be adjudicated on the original charge of Tampering with a Witness, be sentenced to a term of five (5) years in TDCJ-CID, and again be assessed a fine of $3,000. [ECF 25-3 at 63; 25-6 at 66]. The trial court found

petitioner's pleas of "true" to the violations alleged were freely, knowingly and voluntarily entered. [ECF 25-3 at 62; 25-6 at 65].

On that same date, petitioner appeared in open court with counsel, and the trial court found petitioner violated the terms and conditions of his community supervisions and granted the State's motion to adjudicate petitioner's guilt in each case. Consequently, the court adjudged petitioner guilty of the offense of Fraudulent Use of Identifying Information as originally alleged, assessed petitioner's sentence at 15-months confinement in the state jail division of TDCJ-CID, and ordered petitioner to pay $362.68 in restitution. [ECF 25-3 at 64-65]. The court also adjudged petitioner guilty of the offense of Tampering with a Witness as originally alleged, assessed petitioner's sentence at 5-years confinement in TDCJ-CID, and assessed a $3,000 fine. [ECF 25-6 at 68-69]. The *Judgment Adjudicating Guilt* in each case was signed and entered July 16, 2018. As acknowledged by petitioner [ECF 3 at 3] and as reflected by the Texas Judicial Branch online resource, petitioner did not file direct appeals of the revocations of his community supervision.

On June 4, 2019, petitioner purportedly placed applications for a state writ of habeas corpus in the prison mail system collaterally attacking the Orders deferring his adjudication and placing petitioner on probation in each case, such applications being received by the state trial court and file-stamped on June 7, 2019. [ECF 25-3 at 72-90; 25-6 at 71-89]. On October 23, 2019, the Texas Court of Criminal Appeals (TCCA) dismissed petitioner's state habeas application in Cause No. 5,886 because he had discharged his 15-month sentence and was no longer in custody pursuant to that conviction. *Ex parte Jones*, No. 90,484-01. [ECF 25-1]. On that same date, the TCCA denied the state habeas application in Cause No. 5,910 without written order, a determination on the merits. *Ex parte Jones*, No. 90,484-02. [ECF 25-4].

On August 29, 2019, petitioner placed the instant federal application for habeas corpus in the prison mail system, said application being received and file-stamped by this Court on September 5,

2019, and this federal habeas corpus proceeding opened. [ECF 3]. By the instant application, petitioner challenges only Cause No. 5,910.

## II.
## PETITIONER'S ALLEGATIONS

In his habeas application and supporting *Memorandum of Law*, petitioner contends he is being held in violation of the Constitution and laws of the United States because, during the initial proceeding in which petitioner entered a guilty plea to the charge of Tampering with a Witness and in which the state trial court entered an *Order Deferring Adjudication of Guilt* and placed petitioner on community supervision, petitioner was:

1. denied his constitutional right to effective assistance of counsel as a result of various alleged deficiencies on the part of his attorney;

2. coerced into entering an involuntary guilty plea;

3. denied the right to confront witnesses; and

4. actually innocent of the charged offense.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## RESPONSIVE PLEADINGS

On February 21, 2020, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also set forth relevant dates in this case and analyzed the timeliness of petitioner's federal habeas application. [ECF 23]. On March 23, 2020, petitioner filed a reply in opposition to respondent's Answer. [ECF 32].

## V.
## TIME BAR

Petitioner's claims of ineffective assistance of counsel, an involuntary plea, and denial of the right to confront witnesses all arose at the time of his original guilty plea proceeding and relate to the initial entry of the May 2, 2016 order placing petitioner on deferred adjudication community supervision. Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is <u>first</u> imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred

adjudication probation on May 2, 2016. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Because petitioner failed to file an appeal, the deferred adjudication order became "final" under 2244(d)(1)(A) upon the expiration of the 30-day appellate period, or on June 1, 2016. *See* Tex. R. App. P. 26.2(a)(1). The limitation period for petitioner's claims thus began to run on the date the original order deferring adjudication became final, *i.e.*, on **June 1, 2016**, when the time for filing an appeal expired. Petitioner thus had one year, or until **June 1, 2017**, to file a federal habeas corpus proceeding raising any complaints regarding deficiencies during the initial deferred adjudication proceedings.[1] Therefore, any federal habeas application petitioner wished to file asserting these claims had to be filed no later than June 1, 2017 to be timely under the limitations period.

---

[1] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

The filing of a state application for habeas corpus statutorily tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Here, however, petitioner's state habeas application, filed June 4, 2019, was filed well after the expiration of the limitations period and does not provide petitioner with any statutory tolling to extend the limitations period with regard to his claims.

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is not a jurisdictional bar and thus is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. Moreover, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (emphasis original). The "strict one-year limitations period" for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Therefore, as a general rule, equitable tolling applies only "in rare and exceptional circumstances" where it is necessary to preserve a petitioner's claims "when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id*. Nor will a "garden variety claim of excusable neglect" by the petitioner support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his habeas application and supporting memorandum, petitioner did not assert any basis for equitable tolling. In his reply to respondent's answer, however, petitioner appears to assert he is entitled to equitable tolling of the 1-year limitation period for the following reason:

> Extraordinary circumstances prevented [petitioner] from filing an appeal – [petitioner] is an addict – most of the time after pleading to 5 years probation [petitioner] was always on drugs – [petitioner] was never aware of what was going on.

Petitioner notes his documented use of cocaine on November 17, 2016 and June 7, 2017 as support for his claim that equitable tolling is warranted. Petitioner argues his "delay of filing was not by design" but "was due to years of being addicted to drugs, that led him to be unaware of current events." Petitioner thus argues he has demonstrated extraordinary circumstances prevented him from timely filing his federal habeas application. The undersigned construes petitioner's argument to be that he was mentally incapacitated, albeit as a result of voluntary drug usage, after the Order deferring adjudication of guilt for the Tampering with a Witness offense and placing him on probation and, thus, he should be entitled to equitable tolling of the 1-year period for filing a federal habeas petition for unspecified periods of time.

The time during which a prisoner is incapacitated for mental reasons might serve as a basis for equitable tolling of the AEDPA's limitations period, *see Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); however, to qualify for equitable tolling, a petitioner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights. *See Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental incompetency precluded him from asserting his rights). Brief periods of incapacity during a one-year statute of limitations do not necessarily warrant equitable tolling. *Fisher*, 174 F.3d at 715.

Here, as factual support of his mental incompetency, petitioner points to the two (2) documented instances where it was determined he consumed cocaine. The undersigned initially notes only the November 17, 2016 instance falls within the June 1, 2016 to June 1, 2017 applicable limitation period for this case. Even if the undersigned also considers the June 7, 2017 instance as evidence of a repeat occurrence of drug usage at the end of the limitation period, petitioner still has not provided factual support to show this intermittent drug usage rendered him mentally incapacitated for specified extended periods, or that such mental incapacity rendered him unable to accomplish any legal work, whether it be on an appeal or a state or federal habeas application, for the full 1-year period following the entry of the Order deferring adjudication and placing him on probation. Petitioner has not shown any such brief and temporary incapacity totally precluded or prevented him from timely filing for habeas relief.

Moreover, even if petitioner were to be considered incapacitated for a specified period of time during the limitation period, petitioner fails to show he exercised diligence in filing for habeas relief once the incapacity was lifted, allowing almost another year to pass after the adjudication of his guilt before filing for state habeas relief. Petitioner has not met his burden to show extraordinary circumstances warranted equitable tolling of the limitation period on account of mental incapacity as a result of excessive and continuous illicit drug usage or that he otherwise exercised the requisite level of due diligence in seeking habeas relief.

## VI.
## ACTUAL INNOCENCE

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to Tampering with a Witness and executed a judicial confession admitting he committed the acts alleged in the Indictment, he now appears to contend he is innocent of the charged offense. Petitioner appears to assert the trial court did not admonish petitioner in Cause No. 5,886 that he

could not speak to the complainant in that case and, thus, petitioner was not on notice and did not know he was not allowed to speak to the potential witness. Petitioner also contends the complainant/witness initiated the contact with petitioner. Petitioner thus appears to contend he is actually innocent of the offense of Tampering with a Witness. [ECF 3 at 3, 21 at 2-4]. The undersigned liberally construes petitioner's statements as an argument that his actual innocence of the offense should excuse him from any applicable time bar in this case.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Petitioner fails to make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Petitioner was

aware of his asserted "defenses" to the charged offense at the time of the underlying proceeding. Furthermore, as set out previously, petitioner pleaded guilty as alleged in the indictment and averred that he committed each and every allegation contained in the indictment and that he was guilty of the offense. Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). A defendant's representations at the plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. *Blackledge*, 431 U.S. at 74. The facts presented by petitioner do not demonstrate he is actually innocent of the charged offense; thus, he has not overcome any time bar for filing a federal habeas corpus petition.

## VII.
## FINAL FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The state trial court entered the *Order Deferring Adjudication and Placing Defendant on Community Supervision* on May 2, 2016. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's deferred adjudication order became final on **June 1, 2016**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **June 1, 2017**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application, filed **June 4, 2019,** did not statutorily toll the limitations period.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **August 29, 2019** when it was placed in the state prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Although petitioner has possibly asserted an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable trier of fact would have convicted petitioner in light of the new evidence.

Therefore, for the above reasons and for the reasons set forth in respondent's Answer filed February 21, 2020 [ECF 23], the undersigned United States Magistrate Judge concludes petitioner's application for a writ of habeas corpus is time barred and should be denied.

## VIII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHRISTOPHER DONATÉ JONES a/k/a Christopher Dontae Jones be DENIED.

IX.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 30, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).